

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

**NOS. WR-93,060-01; WR-93,060-02; WR-93,060-03; WR-93,060-04; WR-93,060-05**

**EX PARTE JONATHAN REYES, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W18-30384-X(A); W18-30784-X(A); W18-24882-X(A); W16-60459-X(A) &
W16-60460-X(A)
IN THE CRIMINAL DISTRICT COURT NO. 6 FROM DALLAS COUNTY**

*Per curiam*.

### O R D E R

Applicant was convicted of two counts of aggravated robbery, two counts of evading arrest, and one count of theft. He was sentenced to ten years' imprisonment on the two evading convictions, twenty and twenty-five years' imprisonment on the aggravated robberies, and two years' imprisonment on the theft. The Fifth Court of Appeals affirmed his convictions. *Reyes v. State*, Nos. 05-18-01486-CR; 05-18-01487-CR; 05-18-01488-CR; 05-18-01489-CR; 05-18-01490-CR (Tex. App.—Dallas Feb. 4, 2020). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his pleas were involuntary because counsel told him he would get

sentenced to a substance abuse facility, not prison. Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's pleas were involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 22, 2021
Do not publish